USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/17/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------

CHESTER HORN, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF DAVID HORN; GLADYS HORN; DAVID HORN, JR.; DIANA HORN; AND PATRICIA HORN,

>   Plaintiffs,

-against-

NEW YORK STATE TROOPER TIMOTHY SAMMON; CITY OF YONKERS POLICE OFFICERS ROY PILOT AND KEVIN WISSNER; CITY OF YONKERS DETECTIVE WILLIAM CRAFT; AND STEPHANIE O'BRIEN

>   Defendants.

------------------------------------------------

07 Civ. 7822 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

On March 11, 2013, defendants City of Yonkers Police Officers Kevin Wissner and Roy Pilot, along with Detective William Craft (the "Yonkers defendants") moved to dismiss the complaint in this action for lack of personal jurisdiction based on insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). Because this case stems from an incident involving the Yonkers police department that occurred eight years ago and resulted in a death; because defendants undisputedly had notice of the action and have actively participated in it for the past six years; because discovery has concluded and a summary judgment briefing schedule has been set; and because the underlying cause of action involves allegations of serious constitutional violations, the Court denies the Yonkers defendants' motion.

This litigation began in early 2007, when plaintiff Chester Horn, individually and as Administrator of the Estate of David Horn, and other Horn family members filed suit against certain New York state troopers and the Yonkers defendants. Plaintiffs' claims are based on the shooting of David Horn, which occurred early on the morning of March 19, 2005, following a high-speed motor vehicle chase. The chase began when the state troopers attempted to pull Horn over after observing him driving erratically. It ended in a violent standoff between Horn, the troopers, and a number of City of Yonkers police officers. Horn was shot six times while attempting to escape a road block set up by law enforcement. Plaintiffs assert that defendants used excessive force in violation of the Fourth Amendment to the U.S. Constitution and 42 U.S.C. § 1983 and are liable for decedent's wrongful death pursuant to New York state law.

The Yonkers defendants contend that this action should be dismissed as against them because plaintiffs' manner of serving process pursuant to the New York Civil Practice Law and Rules was improper.[1] As relevant here, the C.P.L.R. provides that service may be completed by

> delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . of the person to be served and . . . by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served.

N.Y. C.P.L.R. § 308(2).

The Yonkers defendants admit that plaintiffs delivered a summons and subsequently also mailed a copy to each of their actual places of

---

[1] Although this action was filed in federal court, plaintiffs chose to serve defendants pursuant to New York state law, as provided for by Federal Rule of Civil Procedure 4(e)(1) ("Unless federal law provides otherwise, an individual . . . may be served . . . by . . . (1) following state law for serving a summons . . . ."). Specifically, plaintiffs purport to have served the Yonkers defendants pursuant to C.P.L.R. § 308(2).

2

business in late 2007 and early 2008. Defendants contend, however, that the envelopes containing the summons did not display the words "personal and confidential" as required by section 308(2), and instead of "not indicating on the outside . . . that the communication [was] from an attorney," the envelopes displayed the return address of "Law Offices of Michael P. Barnes." (Ltr. of Michael Levinson, Esq. dated March 11, 2013 at 2; Ex. D to Levinson Ltr.)

The Yonkers defendants raised the affirmative defense of improper service of process in their answers to the complaint, filed in January 2008. (Dkt. Nos. 9, 10, 11.) They also stated on the record during the 2009 depositions of the Yonkers defendants that they were not waiving any affirmative defenses. (Ex. E to Levinson Ltr.) The parties disagree as to whether Judge Kenneth M. Karas, to whom this case was previously assigned, stated in 2008 that the Yonkers defendants' objection to the method of service of process was "preserved until following the completion of discovery and the making of any additional dispositive motions." (Levinson Ltr. at 4; *compare* Ltr. of William Thomas, Esq. dated March 18, 2013 at 2.)

Regardless of that dispute, it is undisputed that the Yonkers defendants consented to a discovery schedule (Dkt. No. 17) — which was extended multiple times at the request of the parties (Dkt. Nos. 21, 26, 28, 33, 39, 41, 42, 43, 44, 45, 46, 47, 48, 49) — and participated in discovery until its completion in September 2011 without moving to dismiss the complaint on any ground, let alone for insufficient service of process.

Following the transfer of the action to the docket of this Court two months ago, the Yonkers defendants asserted during a status conference their intention to move for dismissal for insufficient service of process. They have done so, and that motion is now before the Court.

Plaintiffs do not dispute that service of process was insufficient due to the failure to use envelopes with the legend "personal and confidential" and without any indication they came from an attorney. (Thomas Ltr. at 1.) They request, however, that the Court exercise its discretion pursuant to Federal Rule of Civil Procedure 4(m) and extend the time limit for service of the summons and complaint. In support of this request, they point out

that the Yonkers defendants undisputedly had timely notice of the action, that all parties have been actively litigating the action, and that the "statute of limitations would bar [any] re-filed action and effectively convert [a] dismissal without prejudice under Rule 4(m) into a dismissal with prejudice." *Zapata v. City of New York*, 502 F.3d 192, 195-96 (2d Cir. 2007).

District courts have discretion to grant extensions of the time in which to serve process. *Id.* at 196; *see also* Fed. R. Civ. P. 4(m). The factors a court considers when determining whether to grant a discretionary extension of time for service are: "(1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service." *DeLuca v. AccessIT Group, Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010). Further, a defendant's active and full participation in the litigation may constitute a waiver of any objection to improper service of process, despite his not having been served properly. *Kidder, Peabody & Co., Inc. v. Maxus Energy Corp.*, 925 F.2d 556, 562 (2d Cir. 1991).

Indeed, other district courts within this Circuit have exercised this discretionary authority where, although defendants had a valid insufficient service of process objection and preserved that affirmative defense in their answer, they did not raise it for a significant period of time. *See, e.g., Fed. Home Loan Mortg. Corp. v. Dutch Lane Assoc.*, 775 F. Supp. 133, 138 (S.D.N.Y. 1991) (exercising discretion to retain a case in which defendants had been improperly served because defendants had actual notice of the proceedings, had participated in two pretrial conferences, and had moved for a number of extensions); *Burton v. N. Dutchess Hosp.*, 106 F.R.D. 477, 481 (S.D.N.Y. 1985) (exercising discretion to retain a three-and-one-half-year-old case in which service was improper but defendants had consented to a transfer of venue, participated in discovery, and requested extensions). Moreover, the Court recognizes that the U.S. Court of Appeals for the Second Circuit "has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995) (citing cases).

With these precepts in mind, the Court will exercise its discretion to deny the Yonkers defendants' motion to dismiss the complaint. A balancing of the above-cited factors tips strongly in favor of plaintiffs. Because of the long history of this litigation, a dismissal without prejudice in conjunction with the operation of New York's three-year statute of limitations for actions brought pursuant to 42 U.S.C. § 1983, *see, e.g., Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002), would have the practical result of ending the litigation without a fact finder having reached the merits. Defendants dispute neither this conclusion nor the facts that they have had actual notice of the litigation and have participated in it from the outset. (Ltr. of Shannon Brady, Esq. dated March 25, 2013 at 2.)

Certainly, plaintiffs are not blameless. They, without question, failed to comply with a specific requirement of C.P.L.R. § 308(2). Defendants assert that plaintiffs were notified of this easily remedied defect as early as March 2008. If they were indeed notified of the defective condition of the envelopes, they had ample opportunity to correct it, yet they failed to do so for years.

Dismissal, however, is not the proper remedy for plaintiffs' conceded noncompliance with the C.P.L.R. The federal judiciary has expended significant resources on this litigation over the past five years; discovery has been completed and a schedule for summary judgment briefing has been set. Furthermore, the underlying cause of action involves allegations of serious constitutional violations, and the event from which these allegations arise was a violent, deadly encounter between law enforcement officers and plaintiffs' decedent.

In sum, defendants' motion to dismiss the complaint for insufficient service of process is denied. Given the late stage of the litigation, the Yonkers defendants' long-standing and active participation in the action, and the serious constitutional violations alleged, plaintiffs are entitled to have their day in court. The Court therefore exercises its discretion pursuant to Federal Rule of Civil Procedure 4(m) to enlarge the time for plaintiffs to properly effectuate service on the three Yonkers defendants for thirty days from the entry of this order. The summary judgment

briefing schedule set forth by the Court in its March 4, 2013 order remains in effect.

Dated: New York, New York
April 17, 2013

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.